## Galloway v. Galloway.

(Decided October 15, 1929.)

WEBB & WEBB for appellant.

HOLIFIELD & GARDNER and MARTIN & BOAZ for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Appellant and appellee lived together as man and wife about 17 years. Two boys were born to them, one now 16 years of age, and the other 9. Appellant separated from appellee, and instituted suit against him, asking that the bonds of matrimony be annulled, that she be allowed $6,000 in alimony, and awarded the care and custody of the youngest child. The cause of action alleged by appellant was cruel and inhuman treatment she had received at the hands of the appellee, her husband. He denied, by answer, that he had been guilty of any act of cruelty towards her, and he alleged that his love and devotion for her had been deep and continuous, and that because of his affection for his wife and his duty to her and the children he had given to the family all the comforts and conveniences available to him.

The parties have been represented by skilled attorneys, who have ably presented all facts throwing any light on the causes of unhappiness existing between appellant and appellee. This court has scrutinized the record with painstaking care, to ascertain whether the chancellor was guided by the facts in reaching the conclusion that appellant was not entitled to any relief. We deem it unnecessary to go into the facts minutely, but consider it sufficient for the purposes of this opinion to state generally the facts and circumstances.

When they were married, they were substantially without any property. Either jointly, or by the individual efforts of appellee, considerable property was acquired. Appellee has been a hard-working mechanic, and he is without bad habits that lead to wastefulness. He was frugal with his money. Appellant is a woman of intelligence, and she was given complete charge of the household affairs by her husband. Usually his earnings were turned over to her, and she deposited them to his credit in bank; but she was allowed to check against his account by signing his name. There is nothing to indicate that she was extravagant, and the expenditures made by her were largely for family purposes. At the time of their marriage they resided at Mayfield. Thereafter they lived in Memphis, Detroit, St. Louis, Tulsa, and probably other places. They were inharmonious in their family relationships during the period that they lived together. They separated on numerous occasions, the wife leaving the husband; but she managed to find her way back home, either guided by the solicitations of her husband, or of her own volition. The last separation took place in 1926.

The testimony offered in behalf of appellant, eliminating that which is irrelevant or incompetent, tended to establish that appellee was of a disposition that he must be humored; that she could not please him; that he came home of nights, and desired to stay at home, and expected that she should remain at home with him; that he kept watch on her when she left home, and that she was subjected to a species of espionage by him; that he was jealous of her going out with girls, or women; that he repeatedly cursed her, calling her vile names; that he slapped her on one or two occasions; that he neglected her at the time one of the children was born; that he neglected to provide proper clothing for her; and that he refused to allow her to drive his automobile.

The evidence offered in behalf of appellee tended to show that he was a man of high character, without bad habits, such as drinking and gambling; that he was a good mechanic, and that he labored diligently and acquired some property; that he often took his wife out driving in his automobile of evenings, after his day's work was over; that he did not refuse to allow her to use his automobile, and that he furnished her an automobile of her own; that he had worked in Memphis at the time she complains that he did not give her proper attention when one of the children was born, and that he had been seized with an attack of appendicitis, and was at the time in the hospital; that she continuously cursed him, and applied the vilest of epithets to him; that she had assaulted him; that she told him on many occasions that she desired to be freed from him, and that she loved another man; that she left home, and went to distant cities, without giving any satisfactory account of her actions; that he not only provided well for her, but allowed her to use the money which he earned as she desired.

Appellee denied that he had ever been guilty of personal violence towards the appellant, while she testified that he had "slapped her jaws" rather severely on one occasion. She did not deny that she had told appellee that she desired to be loosed from him. We do not find enough in this record to justify the belief that the wife was actually guilty of improper conduct with other men, but appellee was jealous, and "trifles light as air are to the jealous confirmations strong as proofs of Holy Writ."

The chancellor did not believe, from the evidence, that the wife had established grounds for divorce. Consequently he denied her any relief. There is no very good reason shown for the separation. They had separated many times before, and an action had been filed by her for divorce and alimony at one time, but it was dismissed. She was probably as much at fault as her husband. This court is unwilling to say that the chancellor reached an erroneous conclusion, and where the evidence is about equally balanced it is not proper for this court to disturb the judgment of the chancellor. He is closer to the parties, and is in a better position to judge of the weight of the testimony. He, in a manner, sees what goes on, while this court views is as a picture representing the things that happened.

It is suggested by counsel for appellant that she has brought her case within the rules announced by

this court in cases where the husband had made an unfounded charge against his wife of lewd and lascivious conduct. We cannot agree with that contention. He made no charge in his pleadings against the wife at all. He does not make any charge in his evidence. He states that he knew nothing about the indiscretions of his wife, if any, other than what she herself told him. He brings the conduct of his wife into the case more as a mitigation of his conduct towards her than for any other purpose. The court is of the opinion, therefore, that the cases relied on by appellant are easily differentiated from the facts in this case.

On the whole case, this court does not find enough in the record to justify a reversal of the judgment of the chancellor.

Judgment affirmed.